UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| United States of America,<br><br>Plaintiff,<br><br>vs.<br><br>Tyler Maxon Avalos,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | DEFENDANT TYLER MAXON AVALOS'S MOTION IN LIMINE TO DISMISS FOR FAILURE TO STATE AN OFFENSE<br><br>Criminal No. 25-Cr-435 (SRN/EMB) |

Defendant Avalos respectfully moves the Court for an order dismissing his indictment, pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(v), for failure to state an offense. Defendant did not file such a motion to dismiss during the original pretrial motions phase of the proceedings. But since the time that his other pretrial motion was litigated and denied without prejudice, the court in *United States v. Joudeh*, 839 F. Supp. 3d 1343 (M.D. Fla. 2026), granted a motion to dismiss for failure to state an offense in a case not materially different from the instant prosecution. Because such motions are required to be filed before trial commences, and because the noted intervening authority suggests that the issue should at least be preserved for further review, undersigned counsel now makes the motion for dismissal for failure to state an offense, and asks that the Court find good cause to consider it – even if the Court chooses to reserve decision until after trial (together with the other filed motion for

dismissal).

An indictment is legally sufficient on its face if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution. *United States v. Sholley-Gonzalez*, 996 F.3d 887, 893 (8th Cir. 2021). While the language of the statute may be used in the general description of an offence, "it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offence, coming under the general description, with which he is charged." *Hamling v. United States*, 418 U.S. 87, 117–18 (1974).

> If an indictment states these matters of fact, not merely in the general words of the statute, but with such reasonable particularity of act, intent, time, place, and circumstances as will, in view of the presumed innocence of the accused, apprise him, with reasonable certainty, of the nature of the accusation, to the end that he may prepare his defense, as will enable him to plead his conviction or acquittal as a bar to any subsequent prosecution for the same offense, and as will enable the court to say that the facts stated are sufficient in law to support a conviction, it satisfies the rules of criminal pleading; otherwise it is insufficient.

*Brown v. United States*, 143 F. 60, 62 (8th Cir. 1906).

The superseding indictment in this case facially fails that test. It alleges that Defendant transmitted a communication consisting of a posting on TikTok on October 9, 2025. But it does not identify which TikTok post it refers to. It further alleges that the post contained a threat to injure "Victim A," but it does not identify who "Victim

A" is. Nor does it identify the alleged "threat" that the post contained. It fails entirely to apprise Defendant, with reasonable certainty, of the nature of the accusation.

Although not generally permitted on review of a motion to dismiss for failure to state an offense, even if the superseding indictment were read in conjunction with the complaint that preceded it, it would still be insufficient. That Complaint supplied many of the missing facts, including a description of the posting as a "wanted poster" meme that a tipster had described as a "murder for hire" advertisement against erstwhile U.S. Attorney General Pam Bondi. Affidavit of Caleb Jurchisin, [R. Doc. 1-2], at 2. Agent Jurchisin's written description was succinct:

> the . . . post has a photograph of United States Attorney General ("AG") Pam Bondi, with a sniper-scope red dot on AG Bondi's forehead. The caption reads, "WANTED: Pam Bondi" / "REWARD: 45,000" / "DEAD OR ALIVE" / "(PREFERABLY DEAD)". Additionally, the suspect user posted a comment below the depiction that reads "*cough cough*"/ "when they don't serve us then what?"

*Id*. at 3.

The charging statute, however, "requires proof that a communication was transmitted and that it contained a threat." *Elonis v. United States*, 575 U.S. 723, 737 (2015). It also requires proof that the person transmitting the communication intend that it be threatening, *Elonis*, at 740, or at the very least that the person sending the communication recklessly disregard a substantial risk that the communication will be understood as threatening violence. *Counterman v. Colorado*, 600 U.S. 66, 69, 73-74, 78 (2023).

The indictment in the *Joudeh* case, like the one in this case, charged a single count of transmission of an interstate threat to injure or kill another person in violation of 18 U.S.C. § 875(c). Like this case, however, the communication at issue in *Joudeh* did not contain a true threat:

> the statement alleged in the Indictment is a mere wish that "someone" would "in alive" an unnamed "him." There is no promise or indication that specific violence will befall someone if a condition occurs. This statement is simply a vague desire that someone was no longer alive. See *Solomon v. Petray*, No. 5:10-cv-05163 LH, 2013 WL 210894, at *5, 2013 U.S. Dist. LEXIS 7648, at *14 (W.D. Ark. Jan. 18, 2013) ("[T]he mere wish that a person die from a slow and painful disease does not constitute a true threat."); *United States v. Daulong*, 60 F. Supp. 235, 236 (W.D. La. 1945) ("If the defendant had simply said that someone should or ought to kill the President, with no declaration or other indication that the speaker intended or would commit the act, it seems clear that this would not amount to a threat.").

*United States v. Joudeh*, 839 F. Supp. 3d 1343, 1348 (M.D. Fla. 2026). While the communication at issue in this case might qualify as offensive invective to some viewers, it does not clearly convey a threat of injury.

Indeed, the communication at issue in this case contains no threat of injury whatsoever. It instead offers a generic reward of unspecified currency for the production of the former attorney general – though it fails to identify where she should be produced or how to collect the reward. And while it expresses a *preference* for the production to be after her death, a mere expression of wishful thinking does not by itself constitute any kind of threat. It is a "mere wish" of the exact genre that the court in *Joudeh* found to be facially insufficient to constitute a true threat of violence:

"simply a vague desire that someone was no longer alive."

Just as in *Joudeh*, the superseding indictment in this case should be dismissed for failure to state an offense.

Dated: 19 October 2026

Respectfully submitted,

GERDTS LAW, PLLC

s/ *Daniel L. Gerdts*

______________________________

Daniel L. Gerdts (#207329)
331 Second Avenue South, Suite 705
Minneapolis, MN 55401
612.800.5086
daniel@danielgerdtslaw.com