UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| United States of America,<br><br>Plaintiff,<br><br>vs.<br><br>Tyler Maxon Avalos,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | DEFENDANT TYLER MAXON AVALOS'S MOTION FOR JUDGMENT OF ACQUITTAL<br><br>Criminal No. 25-Cr-435 (SRN/EMB) |

The Government now having rested its case in chief, Defendant Avalos moves the court for judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure.

A case from the Fourth Circuit, affirming a Rule 29 dismissal in a similar case, *United States v. White*, 670 F.3d 498 (4th Cir. 2012), is authoritative. In that case, the allegedly threatening communications were described as follows:

> The first of the two communications forming the basis for the conviction on Count 6 was a February 8 posting on a web-site that referenced the recent firebombing of a Canadian civil rights activist's house with the subscript, "Good. Now someone do it to Warman." The second, in March 2008, was again a posting on White's website indicating that Warman "should be drug [sic] out into the street and shot." It also asserted that "Richard Warman is an enemy, not just to the white race but of all humanity and he must be killed." These communications clearly called for someone to kill Richard Warman. But neither communication actually provided a threat from White that expressed an intent to kill Warman.

*Id.*, 513. The alleged "threat" in *White* (asking for someone to kill Warman) is indistinguishable from the wanted poster in this case inviting someone to kill or abduct

Attorney General Bondi. The analysis is spot on as well: the TikTok meme posted here contains no threat from Avalos that expressed an intent to kill Bondi. Witness McGregor was explicit that even he could not say that the person who posted the wanted poster expressed any intent to kill Bondi himself.

The *White* Court's analysis dismissed the alternative arguments from the Government:

> While a direction to others to kill Warman could have amounted to a threat if White had some control over those other persons or if White's violent commands in the past had predictably been carried out, none of that context exists in this case. In short, the communications that formed the basis of Count 6 were expressions not directed to Warman but to the public generally and did not communicate an intent to take any action whatsoever. In these circumstances, we agree with the district court that the communications fell short of being true threats.

*Id*. The analysis in *White* is equally applicable here: "we cannot conclude that a reasonable recipient would believe that White's two communications advocating violence to Warman expressed an intent to harm Warman. The principal message expressed in White's communications was that *someone else* should kill Warman." *Id*. at 514 (emphasis in original). The Fourth Circuit therefore affirmed the district court's grant of a judgment of acquittal: "those communications at most conveyed a serious desire that Warman be harmed by others but did not convey a *serious expression of intent* to do harm from the perspective of a reasonable recipient. Accordingly, we affirm the district court's judgment of acquittal on Count 6." *Id*.

Likewise, in *United States v. Joudeh*, 839 F. Supp. 3d 1343 (M.D. Fla. 2026),

although this time in the context of a pretrial motion to dismiss for failure to state an offense, the court found that mere wishful thinking did not amount to a true threat: "There is no promise or indication that specific violence will befall someone if a condition occurs. This statement is simply a vague desire that someone was no longer alive." The case cited by the court in *Joudeh*, also in an order quashing an indictment, came to the same conclusion: "If the defendant had simply said that someone should or ought to kill the President, with no declaration or other indication that the speaker intended or would commit the act, it seems clear that this would not amount to a threat." *United States v. Daulong,* 60 F. Supp. 235, 236 (W.D. La. 1945).

The communication at issue in this case contains no threat of injury whatsoever. It is a "mere wish" of the exact genre that the courts in *Joudeh*, *Daulong*, and *White* all found to be fatally insufficient to constitute a true threat of violence: "simply a vague desire that someone was no longer alive." Judgment of acquittal should be granted.

Dated: 3 November 2026

Respectfully submitted,

GERDTS LAW, PLLC

s/ Daniel L. Gerdts

Daniel L. Gerdts (#207329)
331 Second Avenue South, Suite 705
Minneapolis, MN 55401
612.800.5086
daniel@danielgerdtslaw.com